IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>JACK OLSON,<br><br>   Defendant. | 4:23-CR-3051<br><br>TENTATIVE FINDINGS |

  The Court has received the revised presentence investigation report in this case. The defendant objects to the presentence report (filing 261) and moves for a downward variance (filing 262).

  IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

  (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

  (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

- (c) impose upon the United States the burden of proof on all Guidelines enhancements;

- (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

- (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

- (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report in several respects. Filing 261. The primary objections relate to loss calculation and restitution; however, the parties have since represented to the Court that those issues have been resolved. Accordingly, the Court will make a determination at sentencing after considering the parties' agreement.

Next, the defendant objects to the 2-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) for an offense that involved more than 10 victims. Filing 261 at 1-2. The gist of the defendant's argument is that the Latino Peace Officers Association is a victim of his offense, but that donors to that organization aren't. *See* filing 263 at 3.

The guidelines provide for a two-level increase if the offense "involved 10 or more victims." § 2B1.1(b)(2)(A)(i). A "victim" is "any person," including a corporation, company, association, or firm, "who sustained any part of

the actual loss." § 2B1,1 cmt. n.1; *see also United States v. Gaye*, 902 F.3d 780, 792 (8th Cir. 2018). Actual loss means "the reasonably foreseeable pecuniary harm that resulted from the offense." § 2B1.1(b)(1)(C)(i); *see also United States v. Quevedo*, 654 F.3d 819, 825 (8th Cir. 2011). If the donors didn't suffer "actual loss" as a result of the offense, then they aren't "victims" of the offense. *See United States v. Miller*, 588 F.3d 560, 568 (8th Cir. 2009).

The defendant contends that the individual donors to LPOA weren't lied to or misled by the defendant, and their "buyer's remorse" doesn't make them victims of fraud. Filing 263 at 6-7. The Court will determine at sentencing whether the evidence at sentencing bears this out or shows otherwise, remembering that it's the government's burden to prove the applicability of sections that enhance the offense level. *United States v. Benson*, 715 F.3d 705, 708 (8th Cir. 2013).

Finally, the defendant objects to the two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. Filing 261 at 2; *see also* filing 263 at 8. That section provides for a two-level enhancement to the offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." *Id*.

An attempt to obstruct justice need not succeed for this enhancement to apply. *See United States v. Vera-Gutierrez*, 964 F.3d 733, 737 (8th Cir.

2020), *cert. denied,* 141 S. Ct. 1252 (2021).[1] Obstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction. § 3C1.1 cmt. n. 1. And the Court has broad discretion to apply § 3C1.1 to a wide range of conduct. *United States v. Sanders,* 4 F.4th 672, 679 (8th Cir. 2021).

But the allegedly obstructive conduct must be proved by a preponderance of the evidence. *See United States v. Bruguier,* 961 F.3d 1031, 1034 (8th Cir. 2020); *United States v. Gomez-Diaz,* 911 F.3d 931, 936 (8th Cir. 2018). Accordingly, the Court will resolve this issue on the evidence available at sentencing.

The defendant has also moved for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 262; *see also* filing 263 at 9-10. The Court will resolve that motion at sentencing.

3.   Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

---

[1] The Court notes that when a defendant's own statements to law enforcement are alleged to be obstructive, there should be evidence they were materially false and "significantly obstructed or impeded an investigation." *See* § 3C1.1 cmt. n.4(G); *United States v. Melton,* 870 F.3d 830, 844 (8th Cir. 2017). But a mere attempt is sufficient for other kinds of obstructive conduct. *See United States v. Adejumo,* 772 F.3d 513, 529 (8th Cir. 2014).

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 10th day of December, 2024.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge